J-A26010-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH BOULWARE | : | |
| | : | |
| Appellant | : | No. 1531 WDA 2018 |

Appeal from the Order Entered September 24, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-MD-0004811-2018

BEFORE: SHOGAN, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY SHOGAN, J.:                    FILED AUGUST 19, 2020

Appellant, Joseph Boulware, brings an interlocutory appeal from the trial court's September 24, 2018 order quashing a subpoena duces tecum served on his behalf. After careful review, we reverse the trial court's order.

On June 26, 2018, Appellant was charged with one count of criminal homicide in relation to the death of Ella Hooper.[1] Appellant qualified for the services of the Allegheny County Public Defender's Office ("the Public Defender"). On September 5, 2018, Appellant served a subpoena duces tecum on the Records Custodian of the Allegheny County Medical Examiner's Office ("MEO") pursuant to Pa.R.Crim.P. 107 seeking "all autopsy slides and photographs produced from the autopsy of Ella Hooper[,] which was

_____

[1] 18 Pa.C.S § 2501(a).

performed on October 12, 2016[,] by Dr. Baiyang Xu." Court Subpoena, 9/5/18. Appellant requested that the MEO provide the materials by September 14, 2018. Id. The MEO neither complied with the subpoena nor filed a motion to quash.

On September 24, 2018, the Allegheny County District Attorney ("the DA") filed a motion to quash the subpoena and sought a ruling that would prohibit the Public Defender from issuing subpoenas duces tecum to the MEO in any criminal case absent a showing of reasonableness. Commonwealth's Motion to Quash Subpoenas and Motion for Order of Court Pursuant to Pa.R.Crim.P. 573(E), 9/24/18. The court did not hold a hearing on the motion and granted the Commonwealth's motion the same day it was filed. The trial court entered the following order:

> AND NOW, to-wit, this 24th Day of September 2018 it is hereby ORDERED, ADJUDGED and DECREED that the subpoenas [duces] tecum issued in Commonwealth v. Alston and Commonwealth v. Boulware are hereby QUASHED.[2]
>
> Pursuant to Pa.R.Crim.P. 573 (E), [the Public Defender] is hereby PROHIBITED from issuing subpoenas duces tecum to the [MEO] for documentary evidence and/or investigative materials in all active criminal cases prior to the time prescribed by Pa.R.Crim.P. 573(A) absent a showing to this Honorable Court that there is a reasonable basis to subpoena said requested materials.

_____

[2] A similar subpoena was served on the MEO on behalf of Calvin Alston, whose appeal was docketed at 1530 WDA 2018. As discussed infra, this Court decided Commonwealth v. Alston, __ A.3d __, 2020 PA Super 123 (Pa. Super. filed May 26, 2020) on May 26, 2020.

J-A26010-19

Order, 9/24/18. Appellant filed a response to the motion to quash/motion to reconsider on September 25, 2018. The trial court did not rule on Appellant's September 25, 2018 motion within thirty days of the quashal order, and Appellant filed his interlocutory appeal with this Court on October 24, 2018.

On November 9, 2018, after the filing of the instant appeal, the trial court held a hearing on several motions presented by Appellant, including the issue relating to the subpoena. At that hearing, the parties presented their legal arguments on the propriety of the September 24, 2018 order, but the trial court did not vacate the order.[3] The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement nor did it file a Pa.R.A.P. 1925(a) Opinion.

Appellant presents the following questions for our review:

I. Whether this Honorable Court has jurisdiction over the instant appeal pursuant to the collateral order doctrine?

II. Whether the [DA] has standing to seek to quash a subpoena duces tecum issued by the defense to a third party when the third party is not an agent of the prosecution?

III. Whether the trial court's order, a blanket prohibition on the [Public Defender] from issuing subpoenas duces tecum to the [MEO] in all criminal cases, and which specifically applies only to the [Public Defender], impermissibly treats indigent criminal defendants differently than other similarly situated criminal defendants, in violation of the federal and state constitutional principles of equal protection and due process of law?

_____

[3] The trial court also denied Appellant's motion to reconsider, motion for a reasonable basis hearing, motion to certify the September 24, 2018 interlocutory order for appeal, and motion to stay the proceedings.

- 3 -

IV.     Because a subpoena duces tecum is presumed valid in criminal cases, the constitutional right to compulsory process entitles a criminal defendant to request any potentially exculpatory, non-privileged information, and the materials requested are not privileged, whether the trial court's order impermissibly shifted the burden of proof by requiring the defense to demonstrate that the subpoena duces tecum should be honored, rather than requiring the party subject to the subpoena duces tecum to demonstrate that it should be quashed?

V.      Where [Appellant] issued a valid subpoena duces tecum to the [MEO], requesting materials that are neither privileged nor in the possession or control of the prosecution, whether the trial court's order quashing said subpoena duces tecum is unsupported by Pa.R.Crim.P. 573 (Pretrial Discovery and Inspection) as well as violates [Appellant's] federal and state constitutional rights to effective confrontation, compulsory process, due process, a fair trial, a complete defense, and the effective assistance of counsel?

Appellant's Brief at 4–5 (questions reordered for ease of disposition).

The trial court granted the Commonwealth's motion to quash the subpoena duces tecum in the instant appeal and the motion to quash filed in Alston, __A.3d__, 2020 PA Super. 123, in a single order. Order, 9/24/18. The appeal in Alston and the instant appeal were listed sequentially on our docket. Further, the facts and analysis are so similar that the briefs filed by both the Commonwealth, Appellant herein, and the appellant in Alston essentially are duplicates, other than changes to names, dates, and the addition of two charges against the appellant in Alston. This Court's opinion in Alston was filed on May 26, 2020. Therein, we found that the trial court's order was a collateral order, subject to our review, and that the district

attorney had standing to challenge the subpoena duces tecum. Alston, ___A.3d___, 2020 PA Super 123, *3-4. We further found that the trial court's order constituted an abuse of discretion, which required reversal of the order. Id. at 5-9. Our decision in Alston is controlling in the instant case; therefore, we reverse the trial court's order for the reasons set forth in the Alston opinion.

Order reversed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/2020